UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                              Bankruptcy No. 05-32516
                                                                                                    Chapter 7
Larry J. Schrader,

                Debtor.
_____/

**MEMORANDUM AND ORDER**

Before the court is a motion for turnover filed on May 9, 2006, by Kip M. Kaler, the Chapter 7 trustee in this case. The trustee asserts that on October 7, 2005, the date Debtor Larry J. Schrader filed his petition for bankruptcy, he possessed assets that he has not claimed as exempt and are subject to turnover as property of the bankruptcy estate. Specifically, the trustee seeks turnover of a $15,000 cashier's check and the balances of two bank accounts. Debtor resists the motion.

This matter was heard on June 15, 2006. The following constitutes the court's findings of fact and conclusions of law.

On July 30, 2004, Debtor received a $32,338.07 bonus from his former employer that was deposited into a State Bank & Trust joint checking account (#145277). On August 10, 2004, Debtor wrote a check to himself from this account for $25,000.00, and purchased a money market certificate of deposit (CD) in both his name and his wife, Judy's, name from First National Bank. On May 13, 2005, a cashier's check was issued to Debtor in the amount of $10,852.33, and $13,339.98 was applied toward a loan. There is no evidence as to the disposition of the rest of the CD proceeds.

On May 6, 2005, Debtor and Judy opened a Wells Fargo joint savings account (#865-7831221) with a $100.00 deposit. On May 13, 2005, Debtor deposited the $10,852.33 cashier's check representing the partial proceeds from the CD into the joint savings account. On September

23, 2005, Debtor closed this joint savings account and transferred the $10,052.87 balance to a Wells Fargo savings account (#865-7831718) in only Judy's name. Debtor testified that Judy had a separate account because she had given him money to pay bills when he had fallen behind, and he did not want his creditors to get at her money. Debtor testified that he handles all of his and Judy's money because Judy has mental problems and memory problems. On October 7, 2005, the balance in Judy's account was $5,058.00.

Debtor and Judy also have another Wells Fargo joint checking account (#858-1018754) in both of their names. On October 7, 2005, Debtor transferred $5,000.00 from Judy's account to this joint account to pay his bankruptcy attorney. He wrote a check on October 7, 2005, to his attorney, but Wells Fargo froze the joint account upon Debtor's bankruptcy filing, and the check did not go through. Bank statements admitted into evidence show that on the date of Debtor's bankruptcy filing, October 7, 2005, the balance in the joint account was $10,201.56. Debtor, however, listed the value of the joint account as $8,934.95 on Schedule B of his petition, and claimed $3,934.95 as exempt on Schedule C. Debtor testified that the balance in the joint account would have been $8,934.95 had the checks written on the account as of that date cleared.

Wells Fargo unfroze the account in April 2006, and on April 17, 2006, Debtor withdrew $8,971.66 from the account even though he only exempted $3,934.95 in his bankruptcy. He withdrew the remaining $10.24 from the account on April 18, 2006, leaving the account with a balance of $0.00. Debtor explained that he received the trustee's motion for turnover only after the funds had been released by Wells Fargo.

Debtor and his spouse also had an Edward Jones account in both of their names. In 1995, Debtor's mother gave Debtor and Judy money, and Debtor put it into the Edward Jones account. Debtor testified that his mother wanted Judy to receive the money because she cared for Debtor's mother and promised to pay for her funeral expenses. He explained that the account was originally in both of their names in case Judy died, but he took his name off the account one month prior to his bankruptcy filing because Debtor wanted to make sure Judy "got her share." Debtor conceded that he has no documentation to prove that his mother intended the money she gave them to be solely for Judy.

On October 7, 2005, Debtor also transferred $15,985.00 from the Edward Jones account to the joint account, and then withdrew $15,000.00 in the form of a cashier's check payable to University of Minnesota Fairview Hospital from the joint account. Debtor testified that Judy was scheduled to have surgery on October 10, 2005, and their insurance would not cover the surgery. He gave the cashier's check to the hospital to cover the medical expenses. The remaining balance in the Edward Jones account is $10,304.00.

Debtor admitted that he did not disclose the $10,052.87 transfer from the joint account to Judy's account, the removal of his name from the Edward Jones account, or the $15,000.00 cashier's check.

The trustee seeks turnover of the $15,000.00 Debtor withdrew from the joint account and paid to University of Minnesota Fairview Hospital, the $6,266.61 difference between the amount in the joint account on October 7, 2005 and the amount claimed as exempt by Debtor,[1] and the

---

[1] $10,201.56 (amount in account as of 10/7/05)
- <u>  3,349.45</u> (amount claimed as exempt)
 $  6,266.61

3

$5,058.00$^2$ balance in Judy's account on October 7, 2005. Debtor asserts that the only money he has left to turn over is the $10,304.00 in the Edward Jones account.

Section 542(a) of the Bankruptcy Code obligates a debtor to turn over to the trustee all nonexempt property of the bankruptcy estate. The issue before the court is whether the $15,000 cash and the bank account balances at issue constitute property of the estate.

Property of the estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of section 541(a)(1) is very broad and includes property of all descriptions, tangible and intangible. See generally Ramsay v. Dowden (In re Central Arkansas Broad. Co.), 68 F.3d 213 (8th Cir. 1995).

The Court agrees that the $15,000.00 debtor withdrew from the joint account in the form of a cashier's check on October 7, 2005, is property of the estate. The $15,000.00 is traceable to Debtor's bonus from his former employer, and the cashier's check was in his possession on the date of his bankruptcy filing. Likewise, the nonexempt funds in the two accounts at issue are property of the estate. Again, the funds are traceable to a bonus Debtor received on July 30, 2004, from his employer. Debtor put $25,000.00 of the bonus into a CD, and later cashed a portion of that CD. He deposited $10,852.00 from the CD into a joint account, but later transferred those funds to Judy's savings account. Transferring these funds from the joint account to Judy's account did not change the fact that the funds in the account as of the date of the filing were property of Debtor's bankruptcy estate.

---

$^2$ The trustee contends the balance in Judy's account on October 7, 2005, was $5,062.97. Examination of Exhibit A shows that the balance on October 7, 2005, was $5,058.00. It appears the trustee erroneously added to the balance an interest payment of $4.97 that was not applied to the account until October 31, 2005.

4

Debtor has not exempted the $15,000.00 cashier's check, $6,266.61 of the joint account, or the $5,058.00 balance in Judy's account. They are assets of Debtor and constitute property of the bankruptcy estate. The trustee is entitled to turnover pursuant to 11 U.S.C. § 542(a) in the total amount of $26,324.61, to the extent such funds exist, including those funds in the Edward Jones account.

**SO ORDERED.**

Dated this June 28, 2006.

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**